68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John GALARZA, Defendant-Appellant.
 No. 94-4323.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1995.
 
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant-appellant, John Galarza, entered a plea of guilty to the charge of attempt to possess cocaine with the intent to distribute. For that crime, Galarza was sentenced, and subsequently resentenced, to 78 months in prison, five years on supervised release, a $1000 fine, and a $50 special assessment. On appeal, he contends that the district court committed multiple errors in that sentencing determination. Specifically, Galarza submits that the court mistakenly concluded that it could not consider information regarding the defendant's conduct during the time between the original and second sentencing hearings, that it erred in failing to grant him a three-level sentence reduction for acceptance of responsibility, and that the court mistakenly calculated his criminal history category. For the reasons set out below, we conclude that the case must be remanded for reconsideration of the defendant's sentence based on developments occurring between the two hearings.
 
 
 2
 After Galarza pleaded guilty to the charge of attempt to possess cocaine with intent to distribute, the district court conducted a sentencing hearing and concluded that the defendant's prior record of convictions placed him in criminal history category II, as defined by the United States Sentencing Guidelines. The court then calculated the appropriate base offense level applicable to the offense, granted the defendant a two-level reduction in sentence for acceptance of responsibility, and, faced with a relevant sentencing range of 70-87 months, ordered Galarza to serve 78 months in prison as a level 26, category II offender. Eventually, however, that determination was vacated due to the district court's failure to advise Galarza of his right to appeal the sentence. Upon resentencing, the court imposed the same punishment upon the defendant, who then timely perfected this appeal.
 
 
 3
 Galarza first submits that the district judge erred during resentencing in again imposing a 78-month prison term upon him. He alleges that the district court mistakenly believed that in making a sentencing determination, it was not permitted to consider any information relating to the defendant's activities after the original sentencing hearing. The government does not contest this proposition as a matter of law, but contends that no error occurred because a judge but is not required to consider such information at resentencing and because the district judge in this matter explicitly noted that the 78-month sentence imposed upon Galarza was "appropriate."
 
 
 4
 In North Carolina v. Pearce, 395 U.S. 711, 723 (1969), the Supreme Court ruled that, upon retrial, a court may "consider the defendant's conduct subsequent to the first conviction in imposing a new sentence." According to the Court, adoption of such a position is consistent with the penological philosophy "that the punishment should fit the offender and not merely the crime." Id. (quoting Williams v. New York, 337 U.S. 241, 247 (1949)). In Gauntlett v. Kelley, 849 F.2d 213, 217 (6th Cir. 1988), moreover, this court extended the Pearce reasoning "to resentencing following a successful appeal of a sentence." Thus, upon resentencing, there is no impediment to consideration by a district court of information concerning the defendant after the time of the original sentencing.
 
 
 5
 During the second sentencing hearing in this case, however, the district court clearly indicated its understanding that consideration of Galarza's rehabilitative efforts since the first sentencing hearing would be improper. At one point, the district judge stated:
 
 
 6
 I've had some lively correspondence with Mr. Galarza since his incarceration and he's indicated he's engaged in any number of programs that are designed to enhance his ability to be a productive citizen when he is released from prison. And I applaud those efforts, Mr. Galarza. However, I think it would be improper for me to somehow, in retrospect, take that into consideration at the time of sentencing. And I think if I were to do that, that that would be a basis for, in effect, reversing the exercise of my discretion.
 
 
 7
 Later, the following colloquy between the court and defense counsel occurred:
 
 
 8
 MR. FLEMING: Your Honor, only I guess I would ask the court to reconsider and sentence Mr. Galarza at the bottom of the range, given his involvement in programs he has.
 
 
 9
 THE COURT: And I appreciate that. And frankly, I'm concerned that that will be viewed as some misconduct on my part to do that, Mr. Fleming.
 
 
 10
 MR. FLEMING: I would submit to the court, Your Honor, because this is sentencing, notwithstanding the fact that time has transpired since the actual case was going on, that the court has the discretion to do that.
 
 
 11
 THE COURT: Well, I'm going to state for the purpose of the record I do not, and you can cite that as an issue.
 
 
 12
 Even the most cursory review of the appellate record thus indicates that the district court, although apparently impressed with the efforts made by Galarza to improve himself, felt constrained to base its resentencing decision upon only those facts that were before the court at the time of the first sentencing proceeding. This misapprehension of the applicable law, moreover, may have affected the length of the sentence imposed. Although the government argues that a remand for resentencing would be futile because the district court explicitly stated that it felt the 78-month sentence was "appropriate," the district court's conclusions regarding the propriety of the prison term were apparently colored by its belief that information post-dating the first sentencing hearing should not be considered. By considering any exemplary efforts made by Galarza since the original sentencing proceeding, therefore, the district court might well have concluded that the 78-month sentence should be reduced to a term closer to the minimum sentence contemplated in the range. Because the appellate record gives this court no indication of how the district court would have reacted had it felt able to consider later evidence favorable to the defendant, the present sentence must be vacated and the cause remanded to allow the district court to fit the punishment to the offender, and not only to the crime.
 
 
 13
 In a second issue on appeal, Galarza maintains that the district court erred in denying him a three-level sentence reduction for acceptance of responsibility. Effective November 1, 1992, the provisions of Sec. 3E1.1 of the sentencing guidelines were amended to allow district courts to grant a three-level reduction for acceptance of responsibility, rather than the two-level reduction previously permitted. USSG App. C, amendment 459. Although Galarza's original sentencing hearing was held in December 1992, more than a month after the amendment took effect, the defendant's attorney failed to request the additional one-level sentence reduction. Upon resentencing, Galarza then contended that he met the requirements for receiving the additional reduction and was entitled to be sentenced at an offense level of 25.
 
 
 14
 In addressing the defendant's request at resentencing, the district court stated that it had already granted Galarza a two-level reduction for acceptance of responsibility and expressed the belief that a further reduction on that basis would not be justified, noting that the court had earlier given the defendant "the benefit of the doubt" by not increasing Galarza's sentence for obstruction of justice resulting from alleged witness intimidation. In view of the fact that the plea agreement between the defendant and the government called for a two-level increase for obstruction of justice, and the fact that the district court had exercised its discretion not to impose this two-level increase, we cannot say that the decision to deny additional one-level reduction constituted an abuse of discretion. As the district judge then explained:
 
 
 15
 Why should I give him the third point if I thought the issue was really close on obstruction of justice? Why does he get both benefits?
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 While it is possible that the defendant would have been accorded the three-level reduction if the issue had been brought to the court's attention, the court is of the present belief it wouldn't have affected the sentence.
 
 
 19
 The court was, as it is now, of the view that a 78-month sentence is appropriate -- was appropriate. The defendant had received the benefit of doubt on the challenged issue of threat of intimidation of the witness. Had the court allowed the three-level reduction for acceptance of responsibility, the 78-month sentence still would have been possible, and the court is of the view the sentence would have been 78 months.
 
 
 20
 We acknowledge that the better practice would be to determine the propriety of the additional one-level reduction specifically in the terms set out in the amended guideline, USSG Sec. 3E1.1(b). Given the facts in this record, however, we cannot say that it was reversible error not to do so.
 
 
 21
 We further conclude that the remaining two issues raised on appeal likewise do not merit reversal. One of them, raised pro se by the defendant in a "supplemental brief," was not raised below and cannot now be reviewed because there is not a sufficient record before us. It appears, moreover, that Galarza's pro se challenge involves a forfeiture order that was the subject of his plea agreement with the government and thus would not provide grounds for relief on its face.
 
 
 22
 Finally, Galarza contends that a prior state conviction for "aggravated menacing" should not have been considered by the district court in calculating his criminal history category, because the state offense is exempt under USSG Sec. 4A1.2(c)(2). That provision exempts several specific offenses (including "public intoxication") and "offenses similar to them." Galarza contends that "aggravated menacing" and "public intoxication" are sufficiently similar to prevent the inclusion of his state conviction in his federal criminal history calculation, based on two Fifth Circuit opinions, United States v. Hardeman, 933 F.2d 278, 281-82 (5th Cir. 1991), and United States v. Moore, 997 F.2d 30, 34 (5th Cir. 1993). We are unpersuaded by this argument and conclude that the state conviction was properly considered at sentencing.
 
 
 23
 For the foregoing reasons, we REMAND this case to the district court for further consideration, and if necessary, adjustment of the defendant's sentence.
 
 
 
 *
 The Hon. Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation